[No. 21290.   Department Two.   September 14, 1928.]

W. J. C. WAKEFIELD, *as Trustee, Plaintiff,* v. JAMES M.
HUGHES *et al., Appellants,* ERNEST E. SARGEANT,
*as Administrator, Respondent.*[1]

*Graves, Kizer & Graves,* for appellants.

*Ernest E. Sargeant* and *T. T. Grant,* for respondent.

MAIN, J.—The plaintiff, as trustee under the will of
George W. Hughes, deceased, brought this action for
the purpose of having his duties as trustee defined and
determined in certain respects.   The real issue is be-
tween certain relatives of the testator, who, for con-
venience, as in the appellants' brief, will be referred
to as the Hughes family and the estate of Clarence J.
Smith, deceased.

The facts are stipulated, and so far as here nec-
essary, may be summarized as follows: Clarence J.
Smith was a friend and employee of George W. Hughes.
Sometime during the summer of 1908, Smith learned
that Hughes, who was a man of considerable property,
had executed a will leaving his entire estate to one
other than any of his relatives.   This fact was com-
municated to the Hughes family by Smith, and at the

[1]Reported in 270 Pac. 299.

same time it was suggested to them that he might be able to induce Hughes to change his will, and would do so if they would agree to permit him to share equally with them in whatever benefits they might derive from the testator. Such an agreement was entered into, and was the basis of a written contract, executed by the parties on the 14th day of August, 1908, by which the Hughes family agreed to share with Smith any benefits that they might derive from the estate of George W. Hughes.

Hughes died September 11, 1908. Before his death, he made a will which disposed of a considerable portion of his estate to his mother and brothers, for and during their lives, with the remainder over to heirs. After the death of George W. Hughes, an order or letter was signed by the Hughes family addressed to the plaintiff, as trustee of the last will of George W. Hughes, deceased, directing him to make payments to Smith in accordance with the contract of August 14, 1908. This letter or order also provided that Smith was to settle at his own expense certain claims against the estate of George W. Hughes. Subsequently he settled these claims and received his agreed portion until his death about fifteen years later. Neither of the agreements contained any reference to a change of the will of George W. Hughes, the facts with reference thereto being found in the agreed statement of facts. The trial court sustained the right of the estate of Clarence J. Smith to share in accordance with the contract made with the Hughes family, and entered a judgment accordingly, from which the plaintiff appeals.

Without so deciding, for the purpose of this case it will be assumed that the original contract made by Smith with the Hughes family, by which he was to share in the estate of George W. Hughes if he induced him to change his will, was void as against public

policy. It definitely appears by the agreed facts that, subsequent to the death of George W. Hughes, the Hughes family addressed the letter or order above mentioned to the trustee. In this letter or order, as stated, it was provided that Smith should pay certain claims, which he did. The payment of these claims was a new and separate consideration. While that letter was not signed by Smith, he acted upon it, as was the intention of the signers, and complied with its terms, which was an acceptance thereof.

Even though the first contract was void, the second was, nevertheless, a valid undertaking. In *Central Labor Council of Tacoma v. Young,* 136 Wash. 550, 240 Pac. 919, it was held that the illegality of a contract for the sale of coupon tickets entitling purchasers to chances on prizes and constituting a lottery was no defense to an action to recover from one of the parties involved a share of the proceeds, where the parties met and determined the amount due, the defendant agreeing to pay his associates a certain sum in final settlement. While the facts are different, the rule of that case is applicable to the present. There there was, first, an illegal contract; and subsequently, an agreement to divide the proceeds which was a valid contract. In the present case, if the contract made by Smith with the Hughes family by which he was to share in the estate of George W. Hughes if he induced him to change his will, was void, it would not follow that the subsequent contract, after the death of Hughes, based upon an adequate consideration was likewise void.

The judgment will be affirmed.

FULLERTON, C. J., ASKREN, and BEALS, JJ., concur.